IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| STATE FARM LIFE AND ACCIDENT ASSURANCE COMPANY, | OPINION AND ORDER |
| Plaintiff, | 14-cv-885-wmc |
| v. | |
| JEFFREY S. GOECKS and DONNA GOECKS, | |
| Defendants. | |

---

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | OPINION AND ORDER |
| Plaintiff, | 15-cv-11-wmc |
| v. | |
| JEFFREY S. GOECKS and DONNA GOECKS, | |
| Defendants. | |

---

This case involves a dispute about four life insurance policies insuring the life of Gary Goecks. State Farm Life and Accident Assurance Company and Prudential Insurance Company of America initiated the case as an interpleader action, naming as defendants Donna Goecks (Gary's surviving wife) and Jeffrey Goecks (Gary's surviving son from his first wife). At the time of Gary's death, Donna was the named beneficiary under each of the policies, although Jeffrey claimed he was entitled to all of the policy proceeds based on a provision in the divorce judgment between Gary and Jeffrey's mother.

On April 28, 2016, this court concluded that Donna was entitled to proceeds from a Met Life policy, which was governed by ERISA and, therefore, preempted the divorce

1

judgment.[1] With respect to the Prudential and State Farm policies, however, the court concluded that Gary violated the divorce decree by changing the beneficiary from his sons, Jeffrey and Christopher, to Donna. Thus, Donna was not entitled to anything under those policies, while Jeffrey was entitled to at least some of the policies' proceeds.

Neither side had addressed, however, what should happen to Christopher's share, whose survivors' interest, if any, was not then represented in this lawsuit. The divorce judgment did not say what should happen if one of the sons predeceased Gary; neither side had submitted the policies themselves for the court's review; and neither side had attempted to address the issue in terms of Wisconsin insurance, inheritance or contract law. The court, therefore, directed the parties to address how Christopher's death affected the mandates of the divorce judgment, as well as whether Christopher's estate or heirs had been notified of the lawsuit and whether they should be made parties.

Counsel for Donna Goecks responded that she did not wish to participate further in the case, but that the surviving minor children of Christopher Goecks wished to intervene as parties in the lawsuit. (Dkt. #47.) The minor children subsequently filed a motion to intervene (dkt. #51), which was granted. For his part, Jeffrey Goecks responded that under the language of the Prudential and State Farm policies, benefits are payable only to named beneficiaries that are *living* at the time of the insured's death. Accordingly, Jeffrey maintained that Christopher's children had no claim on the proceeds from those policies. (Dkt. #48.)

The court directed counsel for the intervenors to respond to Jeffrey's arguments by June 10, 2016. Counsel has now filed a letter stating: "After reviewing the remaining life

---

[1] Met Life is not a party to this action.

insurance policies at stake" in this matter, counsel and the intervenors agree that "there is no basis in law, in fact, or in extension of the law to argue the children of Christopher Goecks are entitled to a portion of the policies. Accordingly, the children of Christopher Goecks will not put forth any submission or make any claim to the proceeds at issue." (Dkt. #54.)

After reviewing the language of both policies, the court agrees that: (1) the intervenors have no claim to the proceeds of the Prudential and State Farm policies; and (2) Jeffrey Goecks is entitled to the full amount of the insurance proceeds under these policies. Accordingly, the clerk of court will be directed to disburse the proceeds currently held by the court to Jeffrey Goecks and close this case.

ORDER

IT IS ORDERED that Jeffrey Goecks is entitled to the full proceeds from the State Farm Life and Accident Assurance Company and Prudential Insurance Company of America policies at issue in this case. The clerk of court is directed to distribute the proceeds from those policies that were previously deposited with the court to Jeffrey Goecks and close this case.

Entered this 29th day of June, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3